IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JHON ERIK OCAMPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-3134 |
| | ) | |
| GLEN HARRINGTON, | ) | |
| MICHAEL MITCHELL, and the | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jhon Erik Ocampo's Motion to Compel (d/e 50) (Motion). Ocampo asks the Court to order the Defendants to produce documents withheld by Defendants on claims of privilege. Defendants have submitted the documents under seal for in camera review. <u>Sealed Documents (d/e 54)</u>. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Ocampo alleges that he was born in Columbia on August 25, 1985. He entered the United States as a legal permanent resident in 1995. His mother became a citizen on November 1, 2002. Ocampo alleges he became a citizen at that time because he was under eighteen years of age and was in the legal and

physical custody of his mother. First Amended Complaint (d/e 10) (Complaint), ¶ 14; see 8 U.S.C. § 1431(a).

Defendants Glen Harrington and Michael Mitchell were officers of the Department of Homeland Security Immigration and Custom Enforcement (ICE). Ocampo alleges that on May 4, 2012, Harrington and Mitchell illegally arrested him without probable cause based on an illegal warrant. The warrant asserted that Ocampo was in the country in violation of the immigration laws. Complaint, Exhibit 3, Warrant. Ocampo alleges that he told Harrington and Mitchell that he was a citizen. Complaint, ¶¶ 23, 27. Ocampo alleges that on May 4, 2012, Harrington and Mitchell served Ocampo with a Notice to Appear before an immigration judge. Complaint, ¶ 28, Exhibit 4, Notice to Appear. On May 11, 2012, Ocampo was released from ICE custody. Complaint, ¶ 34.

Based on these allegations, Ocampo alleges claims against Harrington and Mitchell for violation of his constitutional rights under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, 1346. Complaint, Counts I-VII.

During discovery, Ocampo served a request to produce on Defendants. The Defendants withheld certain documents on claims of privilege. Ocampo challenged the claims. The parties have not been able to resolve Defendants'

claims of privilege for one memorandum and two emails.  The Defendants produced a redacted version of the memorandum, but Ocampo believes the entire unredacted version should be produced.  The Defendants have not produced any versions of the emails.  Ocampo moves the Court to deny the claims of privilege and order production of the documents.  The Defendants oppose the Motion.  The Defendants assert that the three documents at issue are protected by attorney-client privilege and work product privilege.

## ANALYSIS

The attorney-client privilege applies to confidential communications made with an attorney in connection with the provision of legal services and in the context of an attorney-client relationship.  <u>United States v. BDO Seidman, LLP</u>, 492 F.3d 806, 815 (7th Cir. 2007).   Government agencies are entitled to the same attorney-client privilege as private citizens.  <u>United States v. Jicarilla Apache Nation</u>, __ U.S.__, 131 S.Ct. 2313, 2321 (2011); <u>United States v. Zingheim</u>, 384 F.3d 867, 871-72 (7th Cir. 2004).   The Court has carefully reviewed the three documents at issue.  All three are protected by attorney-client privilege.

The first document is a memorandum dated May 10, 2012, from Karen E. Lundgren, Chief Counsel of ICE Office of General Counsel, Chicago, to Director of Field Operations, OPLA and Assistant Director of Field Operations, ERO.

OPLA means Office of Principal Legal Advisor, and ERO means Enforcement and Removal Operations.  See Motion, at 5; Government's Response to Plaintiff's Motion to Compel (d/e 52) (Response), at 7.  The subject of the memorandum is Ocampo's claim of United States citizenship.  The redacted portions of the memorandum contain legal advice about Ocampo's claim.  The redacted portions are protected by attorney-client privilege.  The redacted portions set forth confidential legal advice from an attorney in the context of an attorney-client relationship.  The claim of privilege is sustained.

      The second document is an email dated May 10, 2012, from Kim M. Kucik, Acting Deputy Chief Counsel of the Chicago, Illinois, ICE Chief Counsel's Office to OPLA USC Claims: USC Claims DRO.  The term "OPLA USC Claims: USC Claims DRO" means Office of Principal Legal Advisor United States Citizenship Claims; United States Citizenship Claims Detention and Removal Operations."  See Motion, at 5.  The email contains legal advice regarding Ocampo's claim of citizenship.  The email is protected by attorney-client privilege.  The email contains confidential legal advice from an attorney in the context of an attorney-client relationship.  The claim of privilege is sustained.

      The third document is an email is from Kucik, Acting Deputy Chief Counsel of the Chicago, Illinois, ICE Chief Counsel's Office to Brian W. LaMar.  LaMar was an ICE employee with ERO in Chicago.  See Response, at 8.  The email is

protected by attorney-client privilege.  The email contains confidential legal advice from an attorney in the context of an attorney-client relationship.  The claim of privilege is sustained.

Ocampo asks the Court to follow a rationale adopted by the Southern District of New York in <u>National Immigrant Project of National Lawyers Guild v. United States Dept. of Homeland Security</u>, 868 F.Supp.2d 284, 298 (S.D.N.Y. 2012).  The <u>National Immigrant Project</u> opinion limited a government agency's attorney-client privilege to communications that contain "confidential information concerning the Agency as opposed to third parties."  <u>Id.</u> at 297-98 (citing <u>Schlefer v. United States</u>, 702 F.2d 233, 245 (D.C. Cir. 1983).  The Court respectfully declines to follow <u>National Immigrant Project</u>.   The Supreme Court clearly stated that the attorney-client privilege is the same for both governmental and non-governmental parties.  <u>Jicarilla Apache Nation</u>, 131 S.Ct. at 2321.  Thus, the privilege applies to confidential communications made with an attorney in connection with the provision of legal services and in the context of an attorney-client relationship regardless of whether the content of the communication concerns third party claims.  See <u>BDO Seidman, LLP</u>, 492 F.3d at 815.  See also <u>North Dakota v. United States</u>, 64 F.Supp.2d 1314, 1336 (D. N.D. 2014) (observing that the Supreme Court "would follow the broadest approach to the attorney-client privilege.").

Ocampo also argues that the attorney-client privilege does not apply because attorneys Lundgren and Kucik were performing administrative or regulatory functions rather than acting as attorneys. Motion, at 9-10, citing National Immigrant Project, 868 F. Supp. 2d at 298; see also Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995); Mobile Oil Corp. v. Dep't of Energy, 102 F.R.D. 1, 9-10 (N.D.N.Y. 1983); Coastal Corp. v. Duncan, 86 F.R.D. 514, 521 (D. Del. 1980). Ocampo notes that ICE policy and procedures require the local Office of Chief Counsel to evaluate claims of citizenship in the context of a claim such as Ocampo's and also require the Detention and Removal Operations and Office of Principal Legal Advisor to prepare a memorandum explaining the claim and recommending a course of action. Motion, at 4-5. Ocampo argues that the documents at issue were produced while performing administrative functions pursuant to these policies.

The Court disagrees with Ocampo's conclusion. The Court agrees that the attorney-client privilege does not apply when attorneys are not acting as attorneys, but rather are performing administrative or regulatory functions. See Texaco Puerto Rico, Inc., 60 F.3d at 884. Attorneys Lundgren and Kucik, however, were acting as attorneys and provided legal advice in these documents. Specifically, the redacted information in the Lundgren memo gives legal conclusions and recommendations to the client from the Office of Chief

Counsel.  The two contested Kucik emails do the same.  These communications were made for the purpose of providing legal advice.  The fact that ICE policies and procedures may have required attorneys to provide legal advice did not transform their communications into something other than legal advice.  Lundgren and Kucik were not performing administrative or regulatory functions.  They were providing confidential legal advice.  The Court sustains the Defendants' claim of attorney-client privilege.

The Court does not need to address the work product privilege since the attorney-client privilege applies.

THEREFORE Plaintiff Jhon Erik Ocampo's Motion to Compel (d/e 50) is DENIED.

ENTER:  August 17, 2015

                          *s/ Tom Schanzle-Haskins*
                     UNITED STATES MAGISTRATE JUDGE